**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-0071-WJM

VIRGINIA L. ALBERTSON,

      Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security

      Defendant.

---

**ORDER VACATING AND REMANDING
DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

---

      This matter is before the Court on Plaintiff Virginia L. Albertson's appeal from the Final Decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for supplemental security income. Plaintiff has filed her Opening Brief (ECF No. 9), the Commissioner filed a Response (ECF No. 10), and Plaintiff filed a Reply (ECF No. 12).  The Commissioner has also filed the administrative record with the Court.  (ECF No. 6.)  On June 17, 2011, this action was reassigned to the undersigned.  (ECF No. 13.)  After carefully analyzing the briefs and the administrative record, the Court VACATES the Commissioner's Final Decision and REMANDS for further proceedings consistent with this Order.

## I.  JURISDICTION

      The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff is currently 48 years old.  (ECF No. 6 at 127.)  She suffers from fibromyalgia, hypermobility syndrome, cervical degenerative disc disease, depression, and a prolapsed mitral valve.  (*Id*. at 260-262.)  Plaintiff worked in the food service industry until she stopped working entirely in October 2007.  (*Id*. at 55, 176, 181, 198, 241.)

After Plaintiff's application for supplemental security income was denied, she requested a hearing before an administrative law judge.  (*Id.* at 66-67.)  On February 28, 2010, Administrative Law Judge Kathryn D. Burgchardt (the "ALJ") presided over Plaintiff's hearing.  (*Id.* at 8-24.)

On May 25, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id*. at 8-24.) The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*).  Under Step 1, the ALJ determined that although Plaintiff worked after her medical impairment onset date of February 3, 2007, that work did not amount to "substantial gainful activity" and therefore did not preclude her from being found disabled.  (*Id*. at 11-12.)  At Step 2, the ALJ determined that Plaintiff had severe impairments consisting of degenerative disc disease of the lumbar spine, status-post fibular fracture of the left lower extremity, major depression, anxiety disorder, and somatization disorder.  (*Id*. at 13.)  Under Step 3, the ALJ found that Plaintiff's impairments did not meet or equal any Listing found at 20 C.F.R. §404, Subpart P, Appendix 1, considering Listings 1.06, 12.04, 12.06, and 12.07.  (*Id*. at 14.)

Also under Step 3, the ALJ further determined that Plaintiff had a residual functional capacity ("RFC") for work that was simple and unskilled, not in close proximity to co-workers, and with minimal direct contact with the public.  (*Id*. at 15.)  The ALJ found that Plaintiff can lift or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk with normal breaks for 6 out of 8 hours; sit with normal breaks for 6 out of 8 hours; push and pull with the upper extremities and lower extremities within the weight restrictions; frequently climb (including ladders, ropes, and scaffolds), balance, crouch, kneel, and crawl; and occasionally stoop.  (*Id*.)

Under Step 4, the ALJ found that Plaintiff's RFC did not allow her to return to her past relevant work as a server, waitress, or food service manager.  (*Id*. at 23.) However, under Step 5, as a result of the RFC assessment, and considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (specifically, small production assembler, cleaner, and office helper).  (*Id.* at 23-24.)

Plaintiff appealed the ALJ's decision (*id.* at 7), and the Appeals Council denied her appeal (*id.* at 1).  She then appealed that decision by initiating this administrative appeal on January 10, 2011.  (ECF No. 1.)

### III.  ANALYSIS

**A.     Standard of Review**

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited.  *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992).  The review is limited

to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

**B.    Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

4

[that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work

that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

## C.    Discussion

In her briefs, Plaintiff argues, *inter alia*, that the ALJ erred by: (1) failing to give proper weight to Dr. David Karli's opinion regarding Plaintiff's physical limitations; and (2) giving weight to the opinion of a non-examining physician, Dr. Alan Ketelhohn, who did not review the entire case file. Plaintiff also argues that the case should be remanded in order for the ALJ to assess Plaintiff's mental health evaluations which were not previously available. The Court agrees with these contentions, and vacates and remands on these bases.

"An ALJ must evaluate every medical opinion in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). In determining what weight to give any medical opinion, the ALJ must consider factors such as whether the physician personally examined the claimant, whether the physician was a treating physician, the extent to which the physician gave supporting explanations for her opinions, and the extent to which the physician's opinions are consistent with the record as a whole. *See* 20 C.F.R. § 416.927(d). "After considering the pertinent factors, the ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks and brackets omitted).

First, the Court finds that the ALJ's decision to give no weight to Dr. Karli's medical opinion regarding Plaintiff's physical limitations may have been based on factually inaccurate grounds.  The ALJ gave no weight to Dr. Karli's opinion because she found that Dr. Karli failed to re-examine Plaintiff before issuing his opinion, after having not seen her for nine months.  (ECF No. 6 at 20.)  However, on July 23, 2008, Dr. Karli did in fact see Plaintiff for a medical evaluation that included range of motion testing and an examination.  (*Id.* at 412-413.)  Thus, contrary to the ALJ's finding, Dr. Karli did perform some examination of Plaintiff on this date, and the ALJ's stated basis for giving Dr. Karli's opinion no weight appears to be factually incorrect.

Further, the ALJ gave significant weight to the report of a non-examining medical consultant, Dr. Alan Ketelhohn, who recommended finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* at 19; 382-387.)  An ALJ may rely on the reports of State agency medical consultants, even though they do not have direct contact with the claimant, if those reports are based on a review of the complete case file.  *See Hamilton*, 961 F.2d at 1498 (holding that an ALJ may rely on the reports of examining physicians that are based on objective findings); *see also* 20 C.F.R. § 404.1527(f)(2) (findings by reviewing medical consultants regarding the nature and severity of a claimant's impairment are treated as expert opinions and are entitled to weight).

However, in this case, numerous medical reports were not available to Dr. Ketelhohn when he made his assessment, including medical reports from Dr. John Mark DiSorbio and the Buena Vista Family Practice dated after mid-2008, and various medical reports from Drs. John Hughes, Edmund Casper, and Patricia Winter.  (*Id.* at

7

347-348, 407-410, 443-446, 453-455, 461, 487-488, 524, 542.)  As such, Dr. Ketelhohn could not have reviewed the full evidence of Plaintiff's physical and mental limitations, and it is proper to remand for the ALJ to reconsider the weight that should be accorded to Dr. Ketelhohn's opinion.

Finally, the ALJ found that had Plaintiff had "any therapy or any consistent psychiatric medications" during the period under review, the ALJ may have been persuaded to find Plaintiff "totally disabled under Social Security rules."  (*Id*. at 22.) Approximately 14 days prior to that finding, Plaintiff began treatment with Patricia Winter, Ph.D., a psychologist.  (*Id*. at 560- 566.)  Dr. Winter stated that Plaintiff was very sedentary and depressed, had suicidal ideation, and would benefit from weekly psychotherapy.  (*Id*. at 542.)  Dr. Winter also began Plaintiff on a course of treatment that included the anti-depressant Celexa.  (*Id*.)  Since it now appears that Plaintiff has received therapy and consistent psychiatric medications, remand is proper for the ALJ to consider this evidence.

While the Court is not passing judgment on the proper weight that should be accorded the various medical opinions described above, the ALJ's failure to accurately justify the weight which were accorded these opinions constitutes reversible error, and this case will be vacated and remanded on that basis.  *See Hamlin*, 365 F.3d at 1215; *Jensen*, 436 F.3d at 1165; *Winfrey*, 92 F.3d at 1019.

Because the Court vacates and remands based on the ALJ's failure to adequately weigh the aforementioned medical opinions, the Court need not address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th

Cir. 2006) (where the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal). The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments. The Court also does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand. *See Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.") (citation and quotation marks omitted).

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Commissioner's final decision is VACATED and the case is REMANDED for further proceedings consistent with this Order.

Dated this 31st day of May, 2012.

BY THE COURT:

William J. Martínez
United States District Judge