**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-0071-WJM

VIRGINIA L. ALBERTSON,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

On May 31, 2012, this Court entered an Order reversing the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Virginia Albertson's application for supplemental security income, and remanding for further proceedings. (ECF No. 14.)  Final judgment was entered on June 1, 2012.  (ECF No. 15.)

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion").  (ECF No. 18.) Defendant has filed a Response to the Motion (ECF No. 19), and Plaintiff has filed a Reply (ECF No. 20).  For the reasons set forth below, the Motion is GRANTED.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position

of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II. ANALYSIS

The Court remanded this action to the Commissioner for further consideration because the Administrative Law Judge ("ALJ") failed to accurately justify the weight given to the opinions of Kr. Karli and Dr. Ketelhohn. (ECF No. 14 at 7-8.) Specifically, the ALJ gave no weight to Dr. Karli's opinion while giving significant weight to the report of Dr. Ketelhorn, a non-examining medical consultant. (*Id.* at 7.)

The ALJ's stated basis for discounting Dr. Karli's opinion was that Dr. Karli failed to re-examine Plaintiff before issuing his opinion. (*Id.*) Dr. Karli, however, did in fact re-examine Plaintiff, making the ALJ's stated basis appear to be factually incorrect. (*Id.*) As to Dr. Ketelhohn, numerous medical reports were not available to him when he made his assessment, meaning that his opinion could not have been based on a review of the full evidence of Plaintiff's physical and mental limitations. (*Id.* at 7-8.)

The Court also remanded this action for further consideration of evidence that Plaintiff had begun psychiatric treatment approximately fourteen days before the ALJ made her decision. (*Id.* at 8.) The ALJ, however, stated that "had Plaintiff had 'any therapy or any consistent psychiatric medications' during the period under review, the ALJ may have been persuaded to find Plaintiff 'totally disabled under Social Security

rules.'"  (*Id.* (quoting ECF No. 6 at 22).)

In opposing the request for attorney's fees, the Commissioner has essentially repeated the same arguments made in the Commissioner's Response Brief on the merits.  What he has failed to do is demonstrate that his legal position in this case was substantially justified.  While the Court understands that, in some cases, the Commissioner's position could be substantially justified despite ultimately losing on the merits, that is not so in this particular case.  Given the combination of all of the bases for the Court's decision on the merits, reiterated above, the Court finds that Plaintiff is entitled to an award of attorney's fees under EAJA.

Plaintiff's Motion requests attorney's fees in the amount of $4,087.55 for 22.4 hours of work at $182.48 per hour.  (ECF Nos. 18-2 at 3.)  The Commissioner presents no specific argument challenging this hourly rate or the reasonableness of the amount of time purportedly spent by Plaintiff's counsel on the matter (arguing only that the Government's position on the merits was substantially justified).  (ECF No. 19.)  The Court therefore finds it appropriate to award the full amount of fees requested by Plaintiff.

In Plaintiff's Reply, Plaintiff also seeks reimbursement for the additional time spent drafting Plaintiff's Reply on the attorney's fees issue – 1.4 hours – totaling an additional $182.48 in requested attorney's fees.  (ECF No. 20 at 5.)  The Court also finds it appropriate to award this additional amount.  *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred

in litigating the fee dispute itself); *Brodeur v. Astrue*, 2010 WL 4038611, at *1 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees).

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 18) is GRANTED; and

2. Defendant shall pay attorney's fees under the Equal Access to Justice Act in the amount of $4,343.02 made payable to Plaintiff and delivered to Plaintiff's attorney.[1]

Dated this 14th day of May, 2014.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] Plaintiff has included an affidavit with her Motion that assigns her rights to any attorney's fees to her attorney, Ms. Atkinson. (ECF No. 18-1.) Despite this, the Court declines to assign her awarded attorney's fees to her attorney, as the EAJA makes it clear that attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007); *see also Butts v. Colvin*, 2013 WL 6024424, at *4 n.6 (D. Colo. Nov. 13, 2013) (declining to assign EAJA attorney's fees to Plaintiff's counsel).